**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  20-cv-2704

SHAWN SIGSTEDT,

      Plaintiff,
v.

COLORADO MOUNTAIN LOCAL COLLEGE DISTRICT; COLORADO MOUNTAIN LOCAL COLLEGE DISTRICT BOARD OF TRUSTEES; CARRIE HAUSER, as an individual and in her official capacity as President of Colorado Mountain College; MATT GIANNESCHI, as an individual and in his official capacity as Chief Operating Officer and Chief of Staff of Colorado Mountain College; DAVID GIFFORD, as an individual and in his official capacity as Dean of Colorado Mountain College's School of Science, Technology, Engineering, and Math,

      Defendants.

---

## NOTICE OF REMOVAL

---

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO:

Defendants, Colorado Mountain Local College District, Colorado Mountain Local College District Board of Trustees, Carrie Hauser, Matt Gianneschi and David Gifford, (collectively, "Defendants"), through undersigned counsel, respectfully submit this Notice of Removal of this action from the District Court, Garfield County, Colorado, the court in which this case is presently pending as Case No. 2020CV30095, to the United States District Court for the District of Colorado.  This Notice of Removal is filed under 28 U.S.C. § 1441 and 1446, as well as D.C.COLO.LCivR 81.1.  As grounds for removal, Defendants state as follows:

## BACKGROUND

1.  On July 28, 2020, Plaintiff Shawn Sigstedt ("Plaintiff") commenced an action in the District Court, Garfield County, Colorado ("State Court"), styled *Shawn Sigstedt v. Colorado Mountain Local College District; Colorado Mountain Local College District Board of Trustees; Carrie Hauser, as an individual and in her official capacity as President of Colorado Mountain College; Matt Gianneschi, as an individual and in his official capacity as Chief Operating Officer and Chief of Staff of Colorado Mountain College; David Gifford, as an individual and in his official capacity as Dean of Colorado Mountain College's School of Science, Technology, Engineering, and Math*, Case No. 2020CV30095 (the "State Court Action"). A true and correct copy of the Complaint and Jury Trial Demand (the "State Court Complaint") filed in the State Court Action is attached as **Exhibit A**. A true and correct copy of the State Court Civil Case Cover Sheet Plaintiff filed with the State Court Complaint is attached as **Exhibit B**.

2.  On July 31, 2020, the State Court entered an Order – Case Management in the State Court Action, a true and correct copy of which is attached as **Exhibit C**.

3.  Defendants entered their appearances in the State Court on August 17, 2020. *See* Notice of Entry of Appearance, a true and correct copy of which is attached as **Exhibit D**.

4.  Defendants waived and accepted service of the State Court Complaint on August 17, 2020. A true and correct copy of the Waiver and Acceptance of Service of the State Court Complaint (the "State Court Waiver") is attached as **Exhibit E**.

5.  Defendants have not filed and served an answer or other response to the State Court Complaint in the State Court Action. *See* State Court Action Docket Sheet, a true and correct copy of which is attached as **Exhibit F**.

6.     Plaintiff alleges four claims for relief arising out of and related to his employment with Defendant Colorado Mountain College, a local district college ("Colorado Mountain College")[1]. Specifically, Plaintiff alleges Breach of Contract-Violation of Personnel Polices; a claim of Deprivation of Due Process in Violation of U.S. Const. amend. XIV, § 1 and 42 U.S.C. § 1983; Violation of Statute - § 23-71-123, C.R.S.; and review pursuant to C.R.C.P. 106(a)(4).

7.     Accordingly, removal is appropriate under 28 U.S.C. § 1441. This removal notice is timely filed under 28 U.S.C. § 1446 as it is being filed within 30 days after Defendants waived and accepted service of the State Court Complaint by executing the State Court Waiver. *See* **Exhibit E, State Court Waiver**.

## PLAINTIFF'S COMPLAINT PRESENTS A FEDERAL QUESTION

8.     This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331, which provides that federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  In this case, it is undisputed that Plaintiff has raised substantial federal issues in his Complaint, as he has alleged a claim of Deprivation of Due Process in Violation of U.S. Const. amend. XIV, § 1 and 42 U.S.C. § 1983. **Exhibit A, State Court Complaint**, ¶¶ 52-61.

8.     Because Plaintiff's allegations involve violations of U.S. Const. amend. XIV, § 1, and 42 U.S.C. § 1983, a federal statute codified in the United States Code, this claim falls under federal question jurisdiction and is therefore subject to removal to federal court under 28 U.S.C. § 1441(a). *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc*., 535 U.S. 826, 830 (2002) (whether a case "arises under" federal law for original jurisdiction purposes is tested by the

---

[1] Colorado Mountain College is erroneously named as "Colorado Mountain Local College District."

"well-pleaded complaint" rule which requires federal courts to consider only what necessarily appears in plaintiff's statement of his or her claim). *See also Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (whether the claim "arises under" federal law for removal purposes is determined by the same "well-pleaded complaint rule" that determines original federal question jurisdiction).

9. Plaintiff also alleges claims for Breach of Contract-Violation of Personnel Polices; Violation of Statute – § 23-71-123, C.R.S.; and review pursuant to C.R.C.P. 106(a)(4), which, like Plaintiff's claim of Deprivation of Due Process in Violation of U.S. Const. amend. XIV, § 1 and 42 U.S.C. § 1983, also arise out of and are related to Plaintiff's employment with Defendant Colorado Mountain College. **Exhibit A, State Court Complaint**, ¶¶ 46-51 (breach of contract claim); ¶¶ 62-66 (violation of statute C.R.S. § 23-71-123); ¶¶ 67-71 (review pursuant to C.R.C.P. 106(a)(4)). Accordingly, the Court may exercise its supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a) while Plaintiff's federal claim is pending.

## VENUE

10. Venue lies in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1391(b) because the State Court Action was filed in this District and the State Court Action asserts that the alleged unlawful actions took place in this District.

11. Defendants have not filed an answer or other response to Plaintiff's State Court Complaint in the State Court Action. *See* **Exhibit F, State Court Docket Sheet.**

12. No hearings have been set in the State Court Action. *See id.*

## REMOVAL

13. Pursuant to 28 U.S.C. § 1446(d), Defendants have provided written notice of the removal to all parties in this action and will simultaneously file a copy of this Notice of Removal in the State Court.

14. No motions are pending and no hearings have been set in the State Court Action.

15. Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

16. In accordance with D.C.COLO.LCivR 81.1, Defendants have attached copies of all state court pleadings, motions, and other papers, including the State Court's current docket sheet, attached as **Exhibits A through F.**

WHEREFORE, Defendants, Colorado Mountain Local College District, Colorado Mountain Local College District Board of Trustees, Carrie Hauser, Matt Gianneschi and David Gifford, respectfully request that the United States District Court for the District of Colorado accept the removal of this action from the State Court and direct that the District Court for Garfield County, Colorado have no further jurisdiction over this matter, unless and until this case is remanded.

Respectfully submitted this 4th day of September, 2020.

                    JACKSON LEWIS P.C.

                    *s/ Jacqueline R. Guesno*
                    Jacqueline R. Guesno
                    Jeffrey H. McClelland
                    950 17th St., Suite 2600
                    Denver, CO 80202
                    Telephone:  (303) 892-0404
                    Fax:  (303) 892-5575
                    jacqueline.guesno@jacksonlewis.com
                    jeffrey.mcclelland@jacksonlewis.com

                    *ATTORNEYS FOR DEFENDANTS*

## **CERTIFICATE OF SERVICE**

I certify that on this 4th day of September, 2020, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed via CM/ECF and mailed upon the following:

Erik G. Bradberry
Colorado Education Association
1500 Grant Street
Denver, CO 80203
Telephone: 303-837-1500
Email: ebradberry@coloradoea.org

*ATTORNEY FOR PLAINTIFF*

              *s/ Halle Gotfredson*
              for Jackson Lewis P.C.