IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02704-WJM-GPG

SHAWN SIGSTEDT,

        Plaintiff,

v.

COLORADO MOUNTAIN LOCAL COLLEGE DISTRICT;
COLORADO MOUNTAIN LOCAL COLLEGE DISTRICT BOARD OF TRUSTEES;
CARRIE HAUSER, as an individual;
MATT GIANNESCHI, in his individual capacity; and
DAVID GIFFORD, in his individual capacity,

        Defendants.

---

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL OF
PLAINTIFF'S AMENDED COMPLAINT**

---

Defendants Colorado Mountain Local College District ("College"), Colorado Mountain Local College District Board of Trustees ("Board"), Carrie Hauser ("Hauser"), Matt Gianneschi ("Gianneschi"), and David Gifford ("Gifford") (collectively, "Defendants"), by and through their undersigned counsel, respectfully submit this Reply in support of their Motion for Partial Dismissal of Plaintiff's Amended Complaint [Dkt. 25] ("Motion").[1]

---

[1] For consistency and brevity, Defendants use certain capitalized terms in this Reply according to the definitions of those terms set forth in their Motion.

**ARGUMENT[2]**

    **A.    Plaintiff's Breach of Contract Claim Against the Board Fails As a Matter of Law**

In his Response, Plaintiff does not dispute that the Board is not a party to his Employment Agreement, (*See* Response, p. 2 ("The parties to that contract [*i.e.*, the Employment Agreement] are the College and, of course, Professor Sigstedt."); pp. 2-4.) Plaintiff thus also does not dispute that the Employment Agreement cannot form the basis of a breach of contract claim against the Board. (*See id.*, pp. 2-4) Instead, Plaintiff limits his arguments opposing dismissal of his breach of contract claim against the Board to his belief that the Board is a party to Policy 6.26. (*See id.*) Plaintiff's belief is wrong based on his own Amended Complaint and Colorado law.

Plaintiff unsurprisingly has alleged that the College – not the Board – was his former employer. (Amended Complaint, ¶ 1 ("The College employed Shawn Sigstedt as a biology professor at its campus in Steamboat Springs, Colorado."); ¶ 12 ("The Plaintiff, Shawn Sigstedt, is a biology professor formerly employed by the College.").) Plaintiff also has alleged that Policy 6.26 is a College – not a Board – policy. (Amended Complaint, ¶ 1 ("Professor Sigstedt's employment was governed by an individual employment contract, as well as by **a series of College policies** that gave rise to additional contractual obligations between the parties.") (emphasis added); ¶ 19 ("During the term of his employment, Sigstedt considered **the policies and procedures in issue here commitments by the College** that it would adhere to the letter and spirit of their provisions.") (emphasis added); *see also* ¶¶ 21-26.)

---

[2] Defendants hereby withdraw their request asserted in their Motion (Argument sections C, D, and E at pp. 5-9) for dismissal of Plaintiff's due process claim, Plaintiff's second claim for relief asserted in his Amended Complaint. Defendants, however, reserve (and do not waive) their right to seek dismissal of Plaintiff's due process claim at a future time in this action as appropriate.

Despite these allegations, Plaintiff argues that the Board is a party to Policy 6.26 merely because it adopted it on the College's behalf.  (Response, p. 2.)  But as the Board explained in the Motion, the Board's mere adoption of Policy 6.26 on the College's behalf does not make the Board a party to that policy under Colorado law.  *Winter Park Real Estate & Invs., Inc. v. Anderson*, 160 P.3d 399, 406 (Colo. App. 2007) (citation omitted); *Paquet v. Smith*, 854 F. Supp. 2d 1003, 1009 (D. Colo. 2012) (citing *id.*); *Brecheisen v. Banner Res., LLC*, No. 15-cv-01184-CMA-MEH, 2016 WL7868821, 2016 U.S. Dist. LEXIS 195850, at *11 (D. Colo. June 24, 2016) (citing *Winter Park*, 160 P.3d at 406); *see also* C.R.S. § 23-71-120.

Moreover, Plaintiff's reliance on *Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708 (Colo. 1987), is misplaced.  In fact, *Keenan* supports dismissal of Plaintiff's breach of contract claim against the Board.  The *Keenan* Court recognized that an employee, under certain circumstances, may be able to sue his **employer** "under ordinary contract principles" or "under a theory of promissory estoppel" based on termination procedures in an employee manual.  731 P.2d at 711-12; *see also Churchey v. Adolph Coors Co.*, 759 P.2d 1336, 1348-49 (Colo. 1988) (summarizing holding in *Keenan* regarding these two legal theories) (citing *id.*).  Nowhere in *Keenan* is there any indication that Colorado law allows an employee to sue his employer's authorized agent who adopted an employee manual on the employer's behalf for breach of contract.  *See* 731 P.2d at 711-12.  Thus, Plaintiff's attempt to use *Keenan* to transform the Board into his former employer – despite his own allegations recognizing that the College was his former employer – widely misses the mark.  (*See* Response, p. 4.)

3

Because the Board is not a party to Policy 6.26, Plaintiff's breach of contract claim against the Board based on Policy 6.26 fails as a matter of law. Accordingly, this claim should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

**B. Plaintiff's C.R.S. § 23-71-123 Claim Fails As a Matter of Law Because No Private Right of Action is Provided by this Statute**

Plaintiff concedes that the Local District College Organization Act generally and C.R.S. § 23-71-123 specifically provide no express private right of action for him to sue the Board for purported violation of this statute. (*See generally* Response, pp. 12-15 (arguing only that the Court should conclude C.R.S. § 23-71-123 provides for an implied private right of action).) Therefore, Plaintiff is left with arguing that this Court should imply a private right action to make this claim cognizable. Despite his arguments to the contrary, Plaintiff is wrong.

Plaintiff ignores it is well-established that Colorado law strongly disfavors recognizing an implied private right of action when a statute expressly fails to provide one. *City of Arvada ex rel. Arvada Police Dep't v. Denver Health & Hosp. Auth.*, 403 P.3d 609, 614 (Colo. 2017) ("'If the [Colorado] General Assembly has the intent that private parties use a statute as the basis for civil liability, then its expression of this intent should be loud and clear, I.e., by authorizing the remedy. This is not a subject in which [courts] should attempt to infer such a legislative intent.'") (quoting *Quintano v. Indus. Comm'n*, 495 P.2d 1137, 1139 (Colo. 1972)). Moreover, as explained below, none of the three factors courts examine to determine whether to imply a private right of action support implying such a private right of action. *Id.* at 614-15 (the three factors are: "(1) 'whether the plaintiff is within the class of persons intended to be benefitted by the legislative enactment'; (2) 'whether the legislature intended to create, albeit implicitly, a private right of action'; and (3)

4

'whether an   implied civil remedy would be consistent with the purposes of the legislative scheme.'") (*quoting Allstate Ins. Co. v. Parfrey,* 830 P.2d 905, 911 (Colo 1992)).

As to the first factor, the description of duties of boards of trustees of local college districts – like the Board here – contained in C.R.S. § 23-71-123(1) gives no indication that Plaintiff is within the class of persons intended to be benefitted by this statute.  As Plaintiff acknowledges, this statute is intended to benefit boards of local district colleges, such as the Board, by describing certain powers and duties those boards have.  (Response, p. 14.)  The only other persons that this statute clearly benefits are local college districts because it describes duties those districts' boards have.  *See* C.R.S. § 23-71-123(1).  In other words, C.R.S. § 23-71-123(1) focuses on the duties local college districts' boards have with respect to operations of those districts, not on a college faculty member like Plaintiff.  *See City of Arvada*, 403 P.3d at 615 (holding that a claim based on asserted implied right of action failed on first factor because the claimant was outside the two classes of persons on whom the rights and duties set forth in the relevant statute focused).

As to the second factor, Plaintiff does not even try to assert there is any statutory language in the Local District College Organization Act generally or C.R.S. § 23-71-123(1) specifically that demonstrates any indicia of legislative intent to create a private right of action.  (*See generally* Response, pp. 14-15.)  Instead, Plaintiff merely asserts – without statutory support – that it would be "unreasonable to assume that the General Assembly would intend to create an important requirement—i.e. that boards of trustees do the important job of hiring and firing faculty members—and at the same time provide no chance of a remedy to a faculty member fired in direct violation of that requirement."  (Response, p. 15.)  Even assuming Plaintiff's underlying premise – that only boards of trustees have the power to hire and fire faculty members of local college

districts – has any validity (which is questionable at best),[3] that does not mean the Colorado General Assembly intended to create a private right of action for people like Plaintiff to sue for purported violation of C.R.S. § 23-71-123(1).

Moreover, to the extent the Colorado General Assembly can be presumed to have been aware of case law regarding the delegation doctrine cited by Plaintiff in his Response, such presumption does not support any implied right of action here.  In *Trustees of the State Normal School v. Wightman*, the faculty member sued his employer college for breach of contract to recover his salary, not for any purported violation of that college's board's statutory duties.  25 P.2d 193, 194-95 (Colo. 1933).  In *Big Sandy School District No. 100-J v. Carroll*, the school district itself sought to reverse a judgment in favor of a schoolteacher for breach of contract based on the fact that the school board itself did not enter into the subject employment contract.  433 P.2d 325, 327-28 (Colo. 1967).  And in *Lazuk v. School District No. 1*, the schoolteacher plaintiff did not sue for purported violation of the relevant power-authorizing statute but instead sued for mandamus relief under C.R.C.P. 106(a)(2).  22 P.3d 548, 550 (Colo. App. 2000).  Therefore, if anything, any presumed awareness by the Colorado General Assembly of these three cases indicates that if the Assembly had wanted to provide for a private right of action to sue for purported violation of C.R.S. § 23-71-123(1), it would have expressly done so given that none of these cases involved – let alone recognized – any such claim.

Finally, as to the third factor, an implied civil remedy would be inconsistent with the purposes of the legislative scheme of the Local District College Organization Act generally and

---

[3] Underscoring the questionable nature of Plaintiff's underlying premise, Plaintiff conveniently fails to acknowledge he did not allege that the Board selected him to be a faculty member for the 2019-2020 academic year.

6

C.R.S. § 23-71-123(1) specifically.  Plaintiff ignores the fact that he has legally cognizable avenues to challenge the College's decision not to renew his employment contract – such as the breach of contract claim against the College or the C.R.C.P. 106 review claim he has asserted in his Amended Complaint – without needing to resort to an implied private right of action for purported violation of C.R.S. § 23-71-123(1).  Moreover, these legally cognizable avenues to challenge the College's decision not to renew his employment contract do not intrude on the relationship between the College and Board set forth in the legislative scheme, unlike an implied private of action would.  In short, none of the three factors supports implying a private right of action for purported violation of C.R.S. § 23-71-123(1) when it is undisputed this statute specifically and the Local District College Organization Act generally do not expressly provide for any such private right of action.  Accordingly, this claim fails as a matter of law and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

**CONCLUSION**

For the foregoing reasons and those stated in their Motion, Defendants respectfully request that the Court enter an order in their favor, dismissing Plaintiff's claims for (1) breach of contract against the Board; and (2) violation of C.R.S. 23-71-122 against the Board, with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and award Defendants their costs, reasonable attorneys' fees, and other costs as allowed by law, and whatever additional relief the Court deems just and proper.

7

Respectfully submitted this 21st day of December, 2020.

JACKSON LEWIS P.C.

*s/ Jacqueline R. Guesno*
Jacqueline R. Guesno
Jeffrey H. McClelland
950 17th Street, Suite 2600
Denver, CO 80202
Telephone: (303) 892-0404
Jacqueline.Guesno@jacksonlewis.com
Jeffrey.Mcclelland@jacksonlewis.com

*ATTORNEYS FOR DEFENDANTS*

8

## CERTIFICATE OF SERVICE

I certify that on this 21st day of December, 2020, a true and correct copy of the foregoing

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL DISMISSAL OF**

**PLAINTIFF'S AMENDED COMPLAINT** was filed and served via CM/ECF upon the

following:

Erik G. Bradberry
Colorado Education Association
1500 Grant Street
Denver, CO 80203
ebradberry@coloradoea.org

*ATTORNEY FOR PLAINTIFF*

*s/ Halle Gotfredson*
for Jackson Lewis P.C.

9