**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Case No. 20-cv-2704-WJM-GPG

SHAWN SIGSTEDT,

      Plaintiff,

v.

COLORADO MOUNTAIN LOCAL COLLEGE DISTRICT,
COLORADO MOUNTAIN LOCAL COLLEGE DISTRICT BOARD OF TRUSTEES,
CARRIE HAUSER, in her individual capacity,
MATT GIANNESCHI, in his individual capacity, and
DAVID GIFFORD, in his individual capacity,

      Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANTS' PARTIAL MOTION TO DISMISS**

---

This matter is before the Court on Defendants Colorado Mountain Local College District (the "College"), the College's Board of Trustees (the "Board"), College President Carrie Hauser, College Chief Operating Officer and Chief of Staff Matt Gianneschi, and College Dean David Gifford's (collectively, "Defendants") Motion for Partial Dismissal of Plaintiff's Amended Complaint ("Motion") (ECF No. 27). For the following reasons, the Motion is granted in part and denied in part.

## I. BACKGROUND[1]

This action arises out of Defendants' failure to renew Plaintiff Shawn Sigstedt's employment contract.  (ECF No. 17.)  The College hired Sigstedt as a biology professor at its campus in Steamboat Springs, Colorado in 2007.  (*Id.* ¶ 28.)  After completing a provisional period, Sigstedt became a full-time faculty member pursuant to a yearlong, renewable employment contract ("Employment Agreement").  (*Id.* ¶ 29.)

During the 2019–2020 academic term, Sigstedt worked under a contract setting his term of employment as August 19, 2019 through May 8, 2020.  (*Id.* ¶ 31.)  Thereafter, in November 2019, Sigstedt took a leave of absence to care for his father.  (*Id.* ¶ 32.)  In early 2020, Sigstedt took bereavement leave after his father passed away.  (*Id.*)  In March 2020, Hauser notified Sigstedt in a letter than he had earned a merit payment in appreciation of his effort in 2019.  (*Id.* ¶ 33.)

Two months after having received this merit award, however, on May 19, 2020, Gianneschi informed Sigstedt by letter that the College had decided not to renew his Employment Agreement on the ground of incompetence.[2]  (*Id.* ¶ 34.)  Specifically, Gianneschi stated that Sigstedt had failed to meet certain goals in an improvement plan issued to Sigstedt in July 2019.  (*Id.*)  The letter further provided that Sigstedt could appeal the non-renewal decision.  (*Id.* ¶ 37.)

Sigstedt submitted an appeal of the non-renewal decision, and a one-hour hearing before a peer review panel ("Review Panel") commenced on June 22, 2020.

---

[1] The following facts are taken from Sigstedt's Amended Complaint (ECF No. 17), which the Court assumes are true for the purpose of resolving the Motion.  *See Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[2] For future consideration by Defendants later in this litigation, the Court pauses to note that this is a singularly bad fact for them in this case.

(*Id.* ¶¶ 38–39.)  Sigstedt requested a continuance to allow preparation for the hearing, that he be permitted to present witness testimony, and that the College by required to present its own witnesses so that Sigstedt may confront them.  (*Id.* ¶ 39.)  The Review Panel denied his requests.  (*Id.* ¶ 40.)

Approximately one hour into the hearing, Sigstedt asked the Review Panel for an opportunity to address the documents submitted to the Review Panel by the College and to reconvene the hearing at a later time.  (*Id.* ¶ 42.)  The Review Panel indicated that it would consider reconvening the hearing, but it did not definitively answer Sigstedt's request.  (*Id.* ¶ 43.)

On June 29, 2020, the Review Panel denied the request to reconvene and affirmed the non-renewal of Sigstedt's contract.  (*Id.* ¶ 44.)  The next day, Hauser issued her decision in agreement with the Review Panel.  (*Id.* ¶ 45.)  Hauser's decision was final and Sigstedt was unable to appeal.  (*Id.*)

Sigsted initiated this action on July 28, 2020.  (ECF No. 4.)  Defendants removed the action to federal court on September 4, 2020.  (ECF No. 1.)  Sigstedt filed an Amended Complaint on September 24, 2020.  (ECF No. 17.)  He brings a total of four claims: (1) breach of contract against the College and the Board; (2) deprivation of procedural due process in violation of the Fourteenth Amendment to the United States Constitution against all Defendants; (3) violation of Colorado Revised Statute § 23-71-123; and (4) review pursuant to Colorado Rule of Civil Procedure 106(a)(4).  (*Id.* ¶¶ 46–71.)

Defendants filed their Motion on October 27, 2020, seeking dismissal of certain of Sigstedt's claims and certain Defendants.  (ECF No. 27.)  Sigstedt responded on

November 30, 2020, and Defendants replied on December 21, 2020.  (ECF Nos. 43 & 56.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a cause of action for "failure to state a claim upon which relief can be granted."  The 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff."  *Ridge at Red Hawk*, 493 F.3d at 1177.  In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice."  *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted).  "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'"  *Id.* (quoting *Twombly*, 550 U.S. at 556).

## III. ANALYSIS

Defendants seek dismissal of: (1) Sigstedt's breach of contract claim against the Board; and (2) the claim for violation of Colorado Revised Statute § 23-71-123.[3]  (ECF No. 27 at 1.)

---

[3] Defendants initially sought dismissal of the due process claim, but withdrew this request in their reply.  (ECF No. 56 at 2 n.2.)  Accordingly, the Motion is denied as withdrawn as to that claim, and the Court will address only the claims for breach of contract and violation of Colorado Revised Statute § 23-71-123.

A.     **Breach of Contract Claim**

In his breach of contract claim, Sigstedt alleges that the College and Board violated the Employment Agreement and the College's Policy 6.26, which requires that an employee receive a notice of non-renewal of his employment contract at least 60 days prior to the end of the preceding contract term.  (ECF No. 17 ¶¶ 46–50; ECF No. 17-1 at 2.)

Defendants assert that the Board must be terminated as a Defendant with respect to the breach of contract claim because it was not a party to the Employment Agreement.  (ECF No. 27 at 3.)  Specifically, Defendants note that, in the Employment Agreement, only the College is named as a party.  (*Id.*; *see also* ECF No. 17-1 at 1.) They further point out that, pursuant to Colorado Revised Statute § 23-71-120, a local college district "may . . . be party to suits and contracts," indicating that the College is the proper party to an employment contract and the entity to be held accountable for any breach of such contract.  (ECF No. 27 at 3; *see also* Colo. Rev. Stat. § 23-71-120.)

In response, Sigstedt asserts that he seeks to enforce Policy 6.26, rather than the employment agreement, against the Board.  (ECF No. 43 at 2–3.)  Defendants counter that the College promulgated Policy 6.26 and therefore the Policy remains unenforceable against the Board.  (ECF No. 56 at 2.)

As Sigstedt effectively concedes that the Board may not be held liable for breach of the employment contract, the Motion is granted in part and the breach of contract claim is dismissed with prejudice to the extent it asserts a claim against the Board based on the employment contract.  The Court therefore proceeds to the question of whether Sigstedt may hold the Board liable for breach of Policy 6.26.

Sigstedt alleges in his Amended Complaint that his employment was "governed by . . . a series of College policies," and that he "considered the policies and procedures in issue here commitments by the College." (ECF No. 17 ¶¶ 1, 19.) He argues that the Board adopted Policy 6.26 and therefore may be held liable for its breach. (ECF No. 43 at 2.) Specifically, the Employment Agreement incorporates by reference the College Policies, which it defines as "written policies adopted by the Board of Trustees." (ECF No. 17-3 at 1 n.1.) Sigstedt relies heavily on *Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708 (Colo. 1987), for the proposition that an employee may sue an employer based on breach of the employer's termination policies. (ECF No. 43 at 2–3.)

Sigstedt's reliance on *Keenan* is misguided, as the *Keenan* court did not consider the issue of whether an entity other than the employer could be held liable for the breach of the policy based on its adoption or ratification of such policy. *Keenan*, 731 P.2d at 710–11. The *Keenan* court held, rather, that an employer may be held liable based on an employment policy either on the theory that the policy created an implied employment contract where no contract otherwise existed, or that it created detrimental reliance such that the employee could recover on an estoppel theory. *Id.* at 713.

Defendants do not dispute that the College is subject to Policy 6.26, but contend that the Board may not be held liable for its breach because the Board is not Sigstedt's employer. (ECF No. 56 at 3–4.) As stated, Sigstedt focuses his argument only on whether an employer may be held liable under a policy. (ECF No. 43 at 3–4.) The Amended Complaint contains no allegation, and Sigstedt does not otherwise argue, that the Board was his employer. (ECF No. 17 ¶ 1 ("The College employed Shawn Sigstedt

as a biology professor."); *Id.* ¶ 12 (stating that Sigstedt was "formerly employed by the College").)

Sigstedt cites no authority, nor is the Court aware of any, suggesting that a non-employer entity may be held liable for breach of a policy.  As Sigstedt appears to make no argument that the Board was his employer, he has failed to plausibly allege that the Board may be held liable for breach of Policy 6.26.  Accordingly, the Motion is granted as to the breach of contract claim, and the claim is dismissed without prejudice as to the Board.

**B.     Violation of Colo. Rev. Stat. § 23-71-123**

Section 23-71-123, a provision of the Local District College Organization Act, Colo. Rev. Stat. §§ 23-71-101 *et seq.*, establishes that the board of trustees is a college's governing body and is the sole entity charged with making decisions regarding hiring and termination of employees.[4]  Colo. Rev. Stat. § 23-71-123.  Accordingly, Sigstedt argues, the Board violated § 23-71-123 by allowing Hauser, the College President, to ultimately decide not to renew his contract.  (ECF No. 17 ¶¶ 63–66.)

Defendants assert that Sigstedt may not bring a claim pursuant to § 23-71-123 because it does not confer a private right of action.  (ECF No. 27 at 9.)  As Sigstedt concedes that § 23-71-123 does not confer an express right of action (*see* ECF No. 43 at 14), the Court must determine whether the provision nonetheless implies a civil remedy.

---

[4] Section 23-71-123(1) provides in relevant part: "It is the duty of the board of trustees to determine financial and educational policies and provide for the proper execution of such by selecting competent administrators, instructors, and other personnel for the administration, operation, . . . and, pursuant to contract and any other applicable provisions of law, to discharge or otherwise terminate the employment of any personnel."

Colorado law requires "a clear expression of legislative intent before installing a private right of action in a statute otherwise silent on the matter." *City of Arvada ex rel. Arvada Police Dep't v. Denver Health & Hosp. Auth.*, 403 P.3d 609, 614 (Colo. 2017) (internal quotation marks omitted).  Specifically, a court must consider three factors: "(1) whether the plaintiff is within the class of persons intended to be benefitted by the legislative enactment; (2) whether the legislature intended to create, albeit implicitly, a private right of action; and (3) whether an implied civil remedy would be consistent with the purposes of the legislative scheme." *Id.* at 614–15.  Moreover, Colorado courts express "reluctance to speak over legislative silence." *Id.* at 613–14.

First, Defendants argue that the statute contains no indication that its provisions were intended to benefit college faculty such as Sigstedt.  (ECF No. 27 at 10.)  Rather, § 23-71-123 lays out the powers and duties of the board of trustees in a local college district.  *See* Colo. Rev. Stat. § 23-71-123.  Given that rights of faculty are not mentioned in the statute, the Court finds no basis to conclude that Sigstedt is within the class intended to be benefitted by the statute.  The first factor therefore weighs against finding an implied right of action.

Second, the provision contains no indicia of legislative intent to create a private right of action, as it does not mention a duty to faculty, let alone an implication that such faculty would have recourse if the statute were violated.  *See Arvada Police Dep't*, 403 P.3d at 615 (finding second factor weighed against a private right of action where the statute contained no mention of a duty to plaintiff).  Though Sigstedt encourages the conclusion that the provision would be meaningless if not enforceable by faculty, reasons exist for laying out rights and duties of a school board other than protecting

8

faculty from receiving inadequate notice, such as ensuring uniform operation of local college districts.  The second factor therefore favors Defendants.

Third, the purpose of § 23-71-123 appears to be simply the designation of certain responsibilities to the Board.  *See* Colo. Rev. Stat. § 23-71-123.  Given that the provision contains no mention of faculty recourse, nor any consequence for violating § 23-71-123, the Court cannot conclude that an implied civil remedy would be consistent with the statutory scheme.  Moreover, Sigstedt has provided no analogous case law in which a plaintiff has brought an action based on a similar provision.  The Court finds that the third factor also favors Defendants.

Given the lack of any indication of legislative intent to create a private right of action through § 23-71-123, the availability of other legal avenues for relief (*i.e.*, a breach of contract or procedural due process claim), and the general disfavoring of implying a cause of action in the legislature's silence, the Court finds that Sigstedt may not bring a claim pursuant to § 23-71-123.  *See Quintano v. Indus. Comm'n*, 495 P.2d 1137, 1139 (Colo. 1972) ("If the General Assembly has the intent that [private parties] use [a] statute as the basis for civil liability, then its expression of this intent should be loud and clear.").  Accordingly, the Motion is granted as to Sigstedt's third claim, and the claim is dismissed.  As § 23-71-123 does not confer a private right of action, amendment as to this claim would be futile, and therefore the dismissal is with prejudice.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.  Defendants' Motion (ECF No. 27) is GRANTED IN PART AND DENIED IN PART;

2.  Sigstedt's breach of contract claim against the Board is DISMISSED WITH PREJUDICE to the extent it is based on the Employment Agreement;

3.  Sigstedt's breach of contract claim against the Board is DISMISSED WITHOUT PREJUDICE to the extent it is based on Policy 6.26;

4.  Sigstedt's claim for violation of Colorado Revised Statute § 23-71-123 is DISMISSED WITH PREJUDICE;

5.  The Motion is otherwise DENIED AS WITHDRAWN; and

6.  The parties shall proceed with pretrial discovery and related matters in conformity with the provisions of the November 11, 2020 Scheduling Order entered by Magistrate Judge Gordon P. Gallagher, as modified by the May 2, 2021 Order amending the discovery deadlines (ECF Nos. 34 & 64).

Dated this 26th day of July, 2021.

BY THE COURT:

William J. Martínez
United States District Judge