IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02704-WJM-GPG

SHAWN SIGSTEDT,

    Plaintiff,

v.

COLORADO MOUNTAIN LOCAL COLLEGE DISTRICT;
COLORADO MOUNTAIN LOCAL COLLEGE DISTRICT BOARD OF TRUSTEES;
CARRIE HAUSER, as an individual;
MATT GIANNESCHI, in his individual capacity;
DAVID GIFFORD, in his individual capacity,

      Defendants.

---

## ANSWER AND AFFIRMATIVE DEFENSES TO
## PLAINTIFF'S AMENDED COMPLAINT AND JURY TRIAL DEMAND

---

Defendants Colorado Mountain Local College District, Colorado Mountain Local College District Board of Trustees, Carrie Hauser, Matt Gianneschi and David Gifford (collectively referred to as "Defendants"), by and through their attorneys, Jackson Lewis P.C., respectfully submit their Answer and Affirmative Defenses to Plaintiff's Amended Complaint and Jury Trial Demand [ECF No. 17] (hereinafter referred to as "Complaint"), as follows:

### I.    NATURE OF THE ACTION

1.    The College employed Shawn Sigstedt as a biology professor at its campus in Steamboat Springs, Colorado. Professor Sigstedt's employment was governed by an individual employment contract, as well as by a series of College policies that gave rise to additional contractual obligations between the parties. The Defendants breached those contractual obligations

1

when, for example, they notified Professor Sigstedt of their intent to non-renew (i.e. terminate) his employment more than two months after the deadline for doing so. When Professor Sigstedt objected to his non-renewal and requested a hearing before an impartial review panel, the Defendants went through the motions of affording adequate due process, but fell well short by, for example, failing to give Professor Sigstedt a meaningful opportunity to be heard, and by eliminating both the appearance and fact of impartiality on the part of the review panel. In any event, the Defendants lacked jurisdiction to terminate Professor Sigstedt's employment at the time and in the manner they did. For these reasons, Professor Sigstedt presents claims for (a) breach of contract; (b) deprivation of due process; (c) violation of statute; and (d) review pursuant to C.R.C.P. 106(a)(4).

**ANSWER:** Defendants admit that Plaintiff was a biology professor at the campus in Steamboat Springs, Colorado and that he had an employment agreement. Defendants deny the remaining allegations in Paragraph 1 of Plaintiff's Amended Complaint.

## II.   JURISDICTION AND VENUE

2.   The United States District Court for the District of Colorado has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1367.

**ANSWER:** Defendants admit that this Court has jurisdiction over Plaintiff's claims as alleged in Paragraph 2 of Plaintiff's Amended Complaint.

3.   Venue is proper in this District pursuant to 28 U.S.C. § 1391.

**ANSWER:** Defendants admit that venue is proper as alleged in Paragraph 3 of Plaintiff's Amended Complaint.

### III.   ADMINISTRATIVE PROCESS AND JURISDICTIONAL PREREQUISITES

4.   On May 19, 2020, the College informed Sigstedt of its intent to terminate his employment by non-renewing his contract. In its letter, the College notified Sigstedt of his right to request an appeal.

**ANSWER:** The letter referenced in Paragraph 4 of Plaintiff's Amended Complaint speaks for itself.  To the extent any allegations in Paragraph 4 of Plaintiff's Amended Complaint conflict with the document, the Defendants deny the allegations.

5.   Sigstedt filed a timely appeal, and the parties selected a panel from the College's Peer Review Committee to conduct a hearing.

**ANSWER:**   The Defendants admit that Plaintiff appealed and deny the remaining allegations in Paragraph 5 of Plaintiff's Amended Complaint.

6.   The College made a unilateral change to the composition of the review panel, after which the newly constituted panel scheduled a hearing.

**ANSWER:** Defendants admit that a change was made to the composition of the review panel and then a hearing was scheduled.  Defendants deny the remaining allegations in Paragraph 6 of Plaintiff's Amended Complaint.

7.   The hearing took place on June 22, 2020, and lasted a little over one hour. During the hearing, Sigstedt stated a number of objections, discussed further below.

**ANSWER:** Defendants admit that a hearing took place on June 22, 2020 and that it lasted a little over an hour.  Defendants deny the remaining allegations in Paragraph 7 of Plaintiff's Amended Complaint.

8. On June 29, 2020, the review panel recommended that the College non-renew Sigstedt's employment.

**ANSWER:** Defendants admit the allegations in Paragraph 8 of Plaintiff's Amended Complaint.

9. The next day, June 30, 2020, College President Dr. Carrie Hauser upheld the panel's recommendation. Because the panel and president agreed on the outcome, College Policy did not allow Sigstedt to appeal to the Board of Trustees.

**ANSWER:** Defendants admit the allegations in Paragraph 9 of Plaintiff's Amended Complaint.

10. To the extent he was required to do so, on July 21, 2020 Sigstedt submitted to the College a notice pursuant to the Colorado Governmental Immunity Act ("CGIA"), § 24-10-109, C.R.S. The notice complied in form and within the time restrictions set forth in §§ 24-10-109 and 118(1)(a), C.R.S.

**ANSWER:** Paragraph 10 of Plaintiff's Amended Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, the Defendants deny the allegations.

11. All administrative and jurisdictional prerequisites to initiating this action have been met.

**ANSWER:** Paragraph 11 of Plaintiff's Amended Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, the Defendants deny the allegations.

#### IV.    PARTIES

12.    The Plaintiff, Shawn Sigstedt, is a biology professor formerly employed by the College. At all times relevant hereto, Sigstedt has resided in Steamboat Springs, Routt County, Colorado.

**ANSWER:**  Defendants admit Plaintiff was formerly employed by the College as alleged in Paragraph 12 of Plaintiff's Amended Complaint.  Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 12 of Plaintiff's Amended Complaint, and therefore, deny same.

13.    Defendant Colorado Mountain College is a public local district college organized and existing under applicable Colorado Law. The full legal name of the College is "Colorado Mountain Local College District" (C.R.S. § 23-71-120). The College may also be referred to as "Colorado Mountain College," "CMC," "the College," or "the District." The College is legally authorized to hold property in its name, and to be a party to suits and contracts, like other municipal corporations in this state. The College is a "person" for purposes of 42 U.S.C. § 1983. The College's headquarters are located in Glenwood Springs, Garfield County, Colorado.

**ANSWER:** Paragraph 13 of Plaintiff's Amended Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, the Defendants deny the allegations.

14.    Defendant Colorado Mountain College Board of Trustees is the College's governing body. The Board has the authority, responsibility, rights, privileges, powers, and duties granted by Colorado statute and customarily exercised by governing boards of institutions of higher education. The Board is ultimately responsible for the governance of the College and for carrying

out the duties and powers set forth by applicable Colorado law. The Board may delegate power and duties to the College's president, but only to the extent permitted by law. The Board's headquarters are located in Glenwood Springs, Garfield County, Colorado.

**ANSWER:** Paragraph 14 of Plaintiff's Amended Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, the Defendants deny the allegations.

15. Defendant Carrie Hauser, Ph.D. is the President of Colorado Mountain College. President Hauser's office is located in Glenwood Springs, Garfield County, Colorado. At this time, President Hauser's place of residence is unknown.

**ANSWER:** Defendants admit that Carrie Hauser, Ph.D is the President of Colorado Mountain College and that her office is located in Glenwood Spring, Garfield County, Colorado. Defendants deny the remaining allegations in Paragraph 15 of Plaintiff's Amended Complaint.

16. Defendant Matt Gianneschi, Ph.D., is the College's Chief Operating Officer and Chief of Staff. Gianneschi's office is located in Glenwood Springs, Garfield County, Colorado. On information and belief, Gianneschi resides in Garfield County, Colorado.

**ANSWER:** Defendants admit that Matt Gianneschi, Ph.D., is the College's Chief Operating Officer and that his office is in Glenwood Springs, Garfield County, Colorado. Defendants deny the remaining allegations in Paragraph 16 of Plaintiff's Complaint.

17. Defendant David Gifford is a Dean in the College's School of Science, Technology, Engineering, and Mathematics. Gifford's office is located in Glenwood Springs, Garfield County, Colorado. On information and belief, Gifford resides in Eagle County, Colorado.

6

**ANSWER:** Defendants admit that David Gifford is a Dean in the College's School of Science, Technology, Engineering, and Mathematics and that his office is in Glenwood Springs, Garfield County, Colorado. Defendants deny the remaining allegations in Paragraph 16 of Plaintiff's Complaint.

## V.    FACTUAL ALLEGATIONS

18. The allegations set forth in paragraphs 1 through 17 of this Amended Complaint and Jury Demand are hereby incorporated by reference.

**ANSWER:** Defendants incorporate by reference all of their prior factual averments, denials, and defenses.

### *The Applicable Policies and Procedures*

19. The College is governed by a series of policies adopted by the Board and procedures promulgated by its President. During the term of his employment, Sigstedt considered the policies and procedures in issue here commitments by the College that it would adhere to the letter and spirit of their provisions.

**ANSWER:** The policies referenced in Paragraph 19 of Plaintiff's Amended Complaint speak for themselves. To the extent any allegations in Paragraph 19 of Plaintiff's Amended Complaint conflict with the document, the Defendants deny the allegations. The remaining allegations in Paragraph 19 of Plaintiff's Amended Complaint call for a legal conclusion to which no response is required.

20. In March 2015, the Board adopted Policy 6.26, "Grievance for Faculty Terminations", which remained in effect at all times relevant here. Attachment. 1. The Policy

7

applies to full-time regular—as opposed to provisional, part-time, or grant-funded—faculty members.

**ANSWER:** The policy referenced in Paragraph 20 of Plaintiff's Amended Complaint speaks for itself. To the extent any allegations in Paragraph 20 of Plaintiff's Amended Complaint conflict with the document, the Defendants deny the allegations.

21. Among other job protections for regular, full-time faculty members ("Faculty Members"), Policy 6.26 limits the grounds upon which the College may terminate their employment. For example, the Policy authorizes the College to dismiss a Faculty Member for, inter alia, insubordination, neglect of duty, or other good and just cause. Similarly, the College may decide to non-renew—and thereby terminate—a Faculty Member's employment on the grounds of incompetence or when there is a justifiable lack of work related to the discontinuance of a program area. By virtue of these limits on the College's authority to terminate Sigstedt's employment, Sigstedt possessed a property interest in continued employment.

**ANSWER:** The policy referenced in Paragraph 21 of Plaintiff's Amended Complaint speaks for itself. To the extent any allegations in Paragraph 21 of Plaintiff's Amended Complaint conflict with the document, the Defendants deny the allegations. The remaining allegations in Paragraph 21 of Plaintiff's Amended Complaint call for a legal conclusion to which no response is required. To the extent a response is required the Defendants deny these allegations.

22. In cases of non-renewal, Policy 6.26 requires the College to give the Faculty Member notice at least 60 days before the end of their existing contract term. The notice must state the reason(s) for non-renewal, and it must also inform the Faculty Member of his appeal rights.

**ANSWER:**  The policy referenced in Paragraph 22 of Plaintiff's Amended Complaint speaks for itself.  To the extent any allegations in Paragraph 22 of Plaintiff's Amended Complaint conflict with the document, the Defendants deny the allegations.

23.    If a Faculty Member appeals the College's non-renewal decision, the matter is reviewed by a panel of the College's Peer Review Committee. College Procedure 6-I defines the process, including how the parties are to select the review panel from the entire Committee. Attachment 2. The selection process begins with the College President striking four names from the list of Peer Review Committee members. She then sends the list of Panel members to the Faculty Member, who also strikes four names. According to Procedure 6-I, the remaining five Review Committee members "shall constitute" the panel ("Review Panel" or "Panel") that hears the Faculty Member's appeal.

**ANSWER:**  Defendants admit that if a faculty member appeals a non-renewal decision the matter is reviewed by a Peer Review Committee.  The procedures referenced in Paragraph 23 of Plaintiff's Amended Complaint speak for themselves.  To the extent any allegations in Paragraph 23 of Plaintiff's Amended Complaint conflict with the document, the Defendants deny the allegations.

24.    Procedure 6-I charges the College President with notifying the Review Panel members they have been selected and with designating one member as responsible for convening a meeting so the Panel can select a chairperson. The Review Panel must convene a hearing within ten days of receiving notice of their selection from the College President. No College policy or procedure designates a minimum or maximum amount of time to set aside for the hearing.

9

**ANSWER:** The procedure referenced in Paragraph 24 of Plaintiff's Amended Complaint speaks for itself. To the extent any allegations in Paragraph 24 of Plaintiff's Amended Complaint conflict with the document, the Defendants deny the allegations.

25. Procedure 6-I, however, mandates that the hearing—whatever its duration—focus "on the issues presented by the parties."

**ANSWER:** The procedure referenced in Paragraph 25 of Plaintiff's Amended Complaint speaks for itself. To the extent any allegations in Paragraph 25 of Plaintiff's Amended Complaint conflict with the document, the Defendants deny the allegations.

26. Within five days after the hearing ends, the Review Panel is to notify the College and the Faculty member of its recommendation—i.e. whether the Faculty Member should be non-renewed or not.

**ANSWER:** The procedure referred to in Paragraph 26 of Plaintiff's Amended Complaint speaks for itself. To the extent any allegations in Paragraph 26 of Plaintiff's Amended Complaint conflict with the document, the Defendants deny the allegations.

27. The College President then has five business days to consider the Review Panel's recommendation and render a decision. If the President "substantially agrees" with the Review Panel's recommendation, her decision is "final." If there is discord between the Panel and the President, then—and only then—is the Faculty Member permitted to appeal to the Board.

**ANSWER:** The procedure referred to in Paragraph 27 of Plaintiff's Amended Complaint speaks for itself. To the extent any allegations in Paragraph 27 of Plaintiff's Amended Complaint conflict with the document, the Defendants deny the allegations.

10

*Sigstedt's Employment with the College*

28.    Sigstedt has a decades-long record of teaching biology and related subjects, including at Harvard University and Regis University. In or about 2007, the College hired Sigstedt to teach biology at its Alpine Campus, in Steamboat Springs, Colorado.

**ANSWER:**  Defendants admit that in 2007 the College hired Plaintiff to teach biology in Steamboat Spring, Colorado.  Defendants deny the remaining allegations in Paragraph 28 of Plaintiff's Amended Complaint.

29.    After successfully completing a provisional period, Sigstedt became a regular faculty member. At all times relevant hereto, Sigstedt enjoyed all the job protections of a regular, full-time faculty member, including those set forth in Policy 6.26 (Attachment 1) and Procedure 6-I (Attachment 2).

**ANSWER:**  Defendants admit that Plaintiff became a faculty member and that Policy 6.26 and 6-I applied to his employment.  Defendants deny the remaining allegations in Paragraph 29 of Plaintiff's Amended Complaint.

30.    Sigstedt successfully performed the duties of a full-time biology professor. He received positive reviews from an overwhelming majority of his students, and on several occasions earned merit-based bonuses for his contributions to the College.

**ANSWER:**  Defendants admit that Plaintiff on occasion earned merit-based bonuses. Defendants deny the remaining allegations in Paragraph 30 of Plaintiff's Amended Complaint.

31.    During the 2019-2020 academic year, as every year, Sigstedt worked under an individual employment contract. *See* Attachment 3. That contract fixed the term of Sigstedt's 2019-2020 employment as August 19, 2019 through May 8, 2020. *Id.* In exchange for his services,

11

the College paid Sigstedt a salary of $93,857.40. With benefits, the College provided Sigstedt $125,198.27 in direct compensation, and another $6,073.13 in indirect leave benefits.

**ANSWER:** The employment agreement referenced in Paragraph 31 of Plaintiff's Amended Complaint speaks for itself. To the extent any allegations in Paragraph 31 of Plaintiff's Amended Complaint conflict with the document, the Defendants deny the allegations.

32. The 2019-2020 year was anything but typical for Sigstedt. In or about November 2019, Sigstedt took an approved leave of absence to care for his ailing father. In early 2020, after his father passed away, Sigstedt took a short bereavement leave. Shortly after that, the COVID-19 pandemic brought about dramatic change—and disruption—to the College's (and Sigstedt's) normal operations.

**ANSWER:** Defendants admit that Plaintiff took a leave of absence related to his ailing father and bereavement leave related to his father's death. Defendants deny the remaining allegations in Paragraph 32 of Plaintiff's Amended Complaint.

33. Notwithstanding these challenges, on March 18, 2020, College President Hauser notified Sigstedt by letter that he had earned a merit payment, which she described as "a demonstration of appreciation for your effort in 2019. But, I also like to reinforce that it is also a down payment on the incredible things you will do to help CMC thrive through and beyond the adversities we currently face." Attachment 4.

**ANSWER:** The letter referenced in Paragraph 33 of Plaintiff's Amended Complaint speaks for itself. To the extent any allegations in Paragraph 33 of Plaintiff's Amended Complaint conflict with the document, the Defendants deny the allegations.

34. Two months later, however, Defendant Gianneschi informed Sigstedt of the College's decision to non-renew his employment on the ground of "incompetence." Attachment 5. In his letter, Gianneschi cited the basis of the College's decision as a determination by Defendant Gifford that Sigstedt had supposedly failed to meet certain goals set forth in an "improvement plan" Gifford issued to Sigstedt in July 2019.

**ANSWER:** The letter referenced in Paragraph 34 of Plaintiff's Amended Complaint speaks for itself. To the extent any allegations in Paragraph 34 of Plaintiff's Amended Complaint conflict with the document, the Defendants deny the allegations.

35. Gifford did not intend for his "improvement plan" to bring about professional growth in Sigstedt. Rather, he, Gianneschi, and perhaps other College employees meant for it to be the vehicle by which they would attempt to legitimize their efforts to deprive Sigstedt of his property interest in continued employment.

**ANSWER:** Defendants deny the allegations in Paragraph 35 of Plaintiff's Amended Complaint.

36. Gianneschi's May 19, 2020 letter (Attachment 5) informing Sigstedt of his non-renewal came eleven days <u>after</u> the end of Sigstedt's 2019-2020 contract term (*see* Attachment 3), and <u>71 days after</u> March 9, 2020—i.e. the College's deadline to notify Sigstedt of non-renewal in accordance with Policy 6.26 (Attachment 1).

**ANSWER:** The letter referenced in Paragraph 36 of Plaintiff's Amended Complaint speaks for itself. To the extent any allegations in Paragraph 36 of Plaintiff's Amended Complaint conflict with the document, the Defendants deny the allegations.

37.     Gianneschi's May 19, 2020 letter informed Sigstedt he could appeal the College's decision to non-renew his employment, but misinformed him as to the nature of the appeal hearing. According to Gianneschi, review would be limited to "the facts resulting in the non-renewal decision only." Attachment 5. Procedure 6-I, meanwhile, provided that review was to be "on the issues presented by the parties." Attachment 2.

**ANSWER:**  The letter and Procedure referenced in Paragraph 37 of Plaintiff's Amended Complaint speak for themselves.  To the extent any allegations in Paragraph 37 of Plaintiff's Amended Complaint conflict with the documents, the Defendants deny the allegations.

38.     Sigstedt submitted a timely appeal. After that, within the timeframes set by Procedure 6-I, the College President and Sigstedt each struck four names from the list of Peer Review Committee members. However, the five remaining members did not, ultimately, constitute the Review Panel; instead, the College President unilaterally struck an additional name, citing an unspecified conflict of interest by one of the remaining members.

**ANSWER:**  Defendants admit that Plaintiff submitted an appeal, and that the Procedure 6-I was followed regarding striking names for the Peer Review Committee members as well as identifying conflicts of interest.  Defendants deny the remaining allegations in Paragraph 38 of Plaintiff's Amended Complaint.

39.     The Review Panel's chairperson scheduled a one-hour hearing to commence on June 22, 2020. During the hearing, Sigstedt requested, *inter alia*:

> A.     a continuance to allow additional time to prepare and to review the approximately 140 pages of documents the College submitted to support its non-renewal decision just days before the hearing;

B.    that he permitted to present testimony by witnesses who could supply the Review Panel with evidence to rebut the College's assertion of his incompetence; and

C.    that the College be required to present witnesses of its own so that he (Sigstedt) could confront them in order to challenge their opinions and evidence regarding his alleged incompetence.

**ANSWER:**    Defendants admit that the Review Panel's chairperson set a hearing to commence on June 22, 2020 and that Plaintiff asked for more time to prepare, to present witnesses and asked that the College be required to present witnesses. Defendants deny the remaining allegations in Paragraph 39 of Plaintiff's Amended Complaint.

40.    The Review Panel denied, or simply refused to address in any meaningful way, each of Sigstedt's requests.

**ANSWER:**    Defendants deny the allegations in Paragraph 40 of Plaintiff's Amended Complaint.

41.    Also during the hearing, Sigstedt pointed out a defect calling into question the Panel's authority to review the matter in the first place—i.e. that the College had informed him 71 days too late to affect a non-renewal of his employment for the 2020-2021 academic year. One panel member asked Gianneschi to explain why he had been so late in providing notice, and after receiving his brief explanation, the Panel was apparently satisfied and allowed the matter to proceed.

**ANSWER:**  Defendants admit that Plaintiff argued during the hearing that the College had informed him 71 days too late to affect non-renewal of his employment and that a panel member

15

asked Gianneschi to explain.  Defendants deny the remaining allegations in Paragraph 41 of Plaintiff's Amended Complaint.

42.    After a little over an hour, the hearing was far from completion. Sigstedt told the Panel that he wanted an opportunity to address the documents submitted to the Panel by the College, and to show how many of those documents actually demonstrated that he was a perfectly competent professor. To that end, Sigstedt repeated his earlier request that the Panel reconvene later to continue the hearing.

**ANSWER:**  Defendants admit that Plaintiff repeated his requests to reconvene the hearing later during the hearing.  Defendants deny the remaining allegations in Paragraph 42 of Plaintiff's Amended Complaint.

43.    The Review Panel's chairperson indicated the Panel would consider reconvening the hearing, but did not give a definitive answer to Sigstedt's request.

**ANSWER:**  Defendants admit the allegations in Paragraph 43 of Plaintiff's Amended Complaint.

44.    The Panel's answer became clear, however, on June 29, 2020, when it issued its advisory decision regarding Sigstedt's non-renewal. Attachment 6. In its decision, the Review Panel failed to explain why it had jurisdiction to consider Sigstedt's non-renewal despite the College initiating the process 71 days after its contractual deadline, and it similarly failed to explain why it denied Sigstedt's request to reconvene the hearing such that he might have a meaningful opportunity to address the charge against him.

**ANSWER:** The Attachment referenced in Paragraph 44 of Plaintiff's Amended Complaint speaks for itself.  To the extent any allegations in Paragraph 44 of Plaintiff's Amended Complaint conflict with the document, the Defendants deny the allegations.

45.    The next day, June 30, 2020, College President Hauser issued her decision, "substantially agreeing" with the Review Panel. Pursuant to Procedure 6-I, adopted by President Hauser in 2016, her decision became "final"—i.e. Sigstedt had no opportunity to appeal to the Board.

**ANSWER:**  Defendants admit the allegations in Paragraph 45 of Plaintiff's Amended Complaint.

## VI.    LEGAL CLAIMS

### FIRST CLAIM FOR RELIEF
**Breach of Contract – Violation of Personnel Policies**
**(Against College and Board of Trustees)**

46.    The allegations set forth in paragraphs 1 through 45 of this Amended Complaint and Jury Demand are hereby incorporated by reference.

**ANSWER:** Defendants incorporate by reference all of their prior factual averments, denials, and defenses.

47.    Sigstedt and the College entered into a bilateral employment contract for the 2019-2020 academic year. Among other terms, the contract incorporated by reference all of the Policies adopted by the Board of Trustees, as well as the implementing Procedures authorized by the College President. Consequently, each of those Policies and Procedures are binding and enforceable contract terms.

17

**ANSWER:** Paragraph 47 of Plaintiff's Amended Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, the Defendant Colorado Mountain College denies the allegations.

48. Even if the Policies and Procedures were not binding provisions of the employment contract between Sigstedt and the College, they would represent binding unilateral contracts. In promulgating its Policies and authorizing the President to implement Procedures, the Board manifested an intent to enter into unilateral contractual relationships with its employees, including Sigstedt. Sigstedt accepted the Board's offer, as evidenced by his agreement to continue working for the College after the pertinent Policies and Procedures were adopted.

**ANSWER:** Defendants deny the allegations as moot pursuant to the Order Granting in Part and Denying in Party Defendant's Partial Motion to Dismiss (Docket #67).

49. The College and its Board had a duty to adhere to Policy 6.26 in non-renewing Sigstedt's employment.

**ANSWER:** Paragraph 49 of Plaintiff's Amended Complaint calls for a legal conclusion to which no response is required. To the extent the allegations relate to the breach of contract claims against the Board the Defendants deny the allegations as moot pursuant to the Order Granting in Part and Denying in Party Defendant's Partial Motion to Dismiss (Docket #67).

50. The College and its Board breached that duty when they violated Policy 6.26 by failing to notify Sigstedt of his non-renewal at least 60 days before the end of his contract term.

**ANSWER:** Defendants deny the allegations in Paragraph 50 of Plaintiff's Amended Complaint.

18

51.    Sigstedt suffered damages as a result of the Defendants' breach—e.g., loss of employment for the 2020-2021 academic year, with an accompanying loss of salary and benefits of employment.

**ANSWER:** Defendants deny the allegations in Paragraph 51 of Plaintiff's Amended Complaint.

## SECOND CLAIM FOR RELIEF
### Deprivation of Due Process in Violation of U.S. Const. amend. XIV, § 1
### (Against all Defendants)

52.    The allegations set forth in paragraphs 1 through 51 of this Amended Complaint and Jury Demand are hereby incorporated by reference.

**ANSWER:** Defendants incorporate by reference all of their prior factual averments, denials, and defenses.

53.    Each Defendant constitutes a "person" within the meaning of that term as used in 42 U.S.C. § 1983.

**ANSWER:** Paragraph 53 of Plaintiff's Amended Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, the Defendants deny the allegations.

54.    At all times relevant to this case, each Defendant acted "under color of state law" within the meaning of that term as used in 42 U.S.C. § 1983.

**ANSWER:** Paragraph 54 of Plaintiff's Amended Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, the Defendants deny the allegations.

19

55.     The Defendant Board of Trustees delegated to its President the authority to promulgate procedures for the dismissal and non-renewal of regular, full-time faculty members. Decisions the President makes pursuant to this delegated authority are, in effect, decisions by the Board.

**ANSWER:**  Paragraph 55 of Plaintiff's Amended Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, the Defendants deny the allegations.

56.     President Hauser promulgated Procedure 6-I, "Grievance for Faculty Terminations Policy – Peer Review Committee Procedure." Pursuant to that Procedure, the President authorized a Peer Review Panel to conduct hearings and make recommendations concerning, *inter alia*, non-renewal of regular faculty members.

**ANSWER:** The Procedure referenced in Paragraph 56 of Plaintiff's Amended Complaint speaks for itself.  To the extent any allegations in Paragraph 56 of Plaintiff's Amended Complaint conflict with the document, the Defendants deny the allegations.

57.     Pursuant to Procedure 6-I, which represented an official policy of the College, the Defendants deprived Sigstedt of his protected property interest in continued employment. Specifically, the Defendants denied Sigstedt of a meaningful opportunity to be heard by, for example, limiting the time of the hearing to approximately one hour; denying him the opportunity to call witnesses, and denying him the opportunity to confront adverse witnesses.

**ANSWER:**  Defendants deny the allegations in Paragraph 57 of Plaintiff's Amended Complaint.

20

58.    In addition, the Defendants failed to separate the functions of prosecutor and decision-maker. Gianneschi and Gifford served as representatives for the College administration seeking to non-renew Sigstedt's employment while at the same time advising the Peer Review Panel about matters of substance and procedure, removing both the appearance and the fact of impartiality by the Panel.

**ANSWER:**  Defendants deny the allegations in Paragraph 58 of Plaintiff's Amended Complaint.

59.    Raising further doubt about the impartiality of the Review Panel, counsel for the College contacted counsel for Sigstedt on June 19, 2020, insinuating that the Panel was represented by counsel for the College and that counsel would be "informing" (ex parte) the Panel to disregard the legal arguments and objections lodged by Sigstedt prior to the Review Panel's hearing. Attachment 7.

**ANSWER:**  The Attachment referenced in Paragraph 59 of Plaintiff's Amended Complaint speaks for itself.  To the extent any allegations in Paragraph 59 of Plaintiff's Amended Complaint conflict with the document, the Defendants deny the allegations.

60.    President Hauser agreed with the deliberate decisions by the Peer Review Panel, Gianneschi, Gifford, and perhaps others to engage in the due process violations described above when she finalized Sigstedt's non-renewal.

**ANSWER:** Defendants deny the allegations in Paragraph 60 of Plaintiff's Amended Complaint.

21

61.    Defendants Hauser, Gianneschi, and Gifford violated Sigstedt's clearly established rights under the Fourteenth Amendment and 42 U.S.C. § 1983. The Defendants' actions violate the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

**ANSWER:** Defendants deny the allegations in Paragraph 61 of Plaintiff's Amended Complaint.

### THIRD CLAIM FOR RELIEF
### Violation of Statute - § 23-71-123, C.R.S.

62.    The allegations set forth in paragraphs 1 through 61 of this Amended Complaint and Jury Demand are hereby incorporated by reference.

**ANSWER:** Defendants incorporate by reference all of their prior factual averments, denials, and defenses.

63.    The Board of Trustees is the College's governing body and is ultimately responsible for carrying out the powers and duties as set forth in the Local District College Organization Act, including the specific powers set forth in C.R.S. § 23-71-122 and the duties set forth in C.R.S. § 23-71-123.

**ANSWER:** Defendants deny the allegations as moot pursuant to the Order Granting in Part and Denying in Party Defendant's Partial Motion to Dismiss (Docket #67).

64.    Among the Board's duties is to determine the educational policies of the College. The law requires the Board to do so by, *inter alia*, selecting personnel for the administration, operation, and maintenance of the institution.

**ANSWER:** Defendants deny the allegations as moot pursuant to the Order Granting in Part and Denying in Party Defendant's Partial Motion to Dismiss (Docket #67).

22

65.     The Board failed to fulfill its duty to determine the educational policy of the College in this case by unlawfully delegating to the College President authority to non-renew (i.e. terminate) Sigstedt's employment.

**ANSWER:**  Defendants deny the allegations as moot pursuant to the Order Granting in Part and Denying in Party Defendant's Partial Motion to Dismiss (Docket #67).

66.     The Board's duty to determine the educational policy of the College by, in this case, deciding whether Sigstedt would remain employed as a professor, was non-delegable. Consequently, the President's decision to non-renew Sigstedt's employment without any involvement by the Board was *ultra vires*.

**ANSWER:**  Defendants deny the allegations as moot pursuant to the Order Granting in Part and Denying in Party Defendant's Partial Motion to Dismiss (Docket #67).

## FOURTH CLAIM FOR RELIEF
### Review Pursuant to C.R.C.P. 106(a)(4)

67.     The allegations set forth in paragraphs 1 through 66 of this Amended Complaint and Jury Demand are hereby incorporated by reference.

**ANSWER:**  Defendants incorporate by reference all of their prior factual averments, denials, and defenses.

68.     To the extent that Sigstedt has no plain, speedy and adequate remedy otherwise provided by law, he submits this action as one for review pursuant to C.R.C.P. 106(a)(4).

**ANSWER:**   Defendants deny the allegations in Paragraph 68 of Plaintiff's Amended Complaint.

23

69.    In non-renewing Sigstedt's employment in the manner described above, the Defendants exercised a quasi-judicial function.

**ANSWER:**  Paragraph 69 of Plaintiff's Amended Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, the Defendants deny the allegations.

70.    The Defendants exceeded their jurisdiction because the College was without authority to non-renew Sigstedt's employment after March 9, 2020—i.e. 60 days before the term of his 20192020 employment contract ended.

**ANSWER:**  Defendants deny the allegations in Paragraph 70 of Plaintiff's Amended Complaint.

71.    The College President abused her discretion in non-renewing Sigstedt's employment because only the Board of Trustees was authorized to do so.

**ANSWER:**  Defendants deny the allegations in Paragraph 71 of Plaintiff's Amended Complaint.

## AS TO "REQUEST FOR RELIEF"

Defendants deny that Plaintiff is entitled to the relief requested in his Complaint.

\*        \*        \*

## GENERAL DENIAL

Except as to those matters specifically admitted, Defendants deny each and every matter and thing contained in Plaintiff's Complaint in any of his counts, claims, paragraphs, or at all.

24

## DEFENSES AND AFFIRMATIVE DEFENSES

As separate and distinct defenses to the Complaint and the alleged causes of action, Defendants allege as follows:

### FIRST DEFENSE

The Complaint, in whole or in part, fails to state claims upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims may be barred by applicable statutes of limitations.

### THIRD DEFENSE

Plaintiff's claims are barred to the extent he failed to exhaust his administrative remedies.

### FOURTH DEFENSE

Plaintiff's breach of contract claim fails because the Policies that form the basis of Plaintiff's claims are not enforceable agreements.

### FIFTH DEFENSE

Plaintiff's claims for damages may be barred, in whole or in part, by his failure to mitigate his damages.

### SIXTH DEFENSE

Defendants acted toward Plaintiff in good faith and likewise acted in good faith in its efforts to comply with applicable laws.

### SEVENTH DEFENSE

To the extent the College breached Plaintiff's employment agreement (which the College denies), Plaintiff breached the terms of his employment agreement first, thereby excusing the College's breach.

### EIGHTH DEFENSE

Defendants are protected by qualified immunity because the law is not clearly established.

### NINTH DEFENSE

Plaintiff has not suffered any legally cognizable damage.

### TENTH DEFENSE

Any special damages Plaintiff seeks that he has not pled with specificity are barred.

### ELEVENTH DEFENSE

Plaintiff has failed to state a claim for recovery of punitive damages upon which relief can be granted.

### TWELFTH DEFENSE

Plaintiff's claim for punitive damages violates the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and such damages are, therefore, not recoverable in this action. Further, the claim for punitive damages violates the federal doctrine of Separation of Powers because punitive damages are a creation of the judicial branch of government and invade the province of the legislative branch; therefore, the claim for punitive damages must be dismissed.

### THIRTEENTH DEFENSE

Plaintiff's Section 1983 claim fails because Plaintiff's hearing properly afforded him any required due process.

## FOURTEENTH DEFENSE

Plaintiff's Section 1983 claim fails because Plaintiff cannot prove Defendants' actions were the cause-in-fact and the proximate cause of Plaintiff's injury, if any.

## FIFTEENTH DEFENSE

Plaintiff's incompetent job performance resulted in his failure to satisfy the conditions precedent necessary to assert a breach of contract claim.

## SIXTEENTH DEFENSE

Defendants reserve the right to rely on any and all further defenses that become available or appear during discovery in this action or otherwise and specifically reserve the right to amend their Answer for purposes of asserting such additional defenses.

**WHEREFORE**, Defendants ask the Court to enter judgment in their favor, dismiss Plaintiff Shawn Sigstedt's Complaint with prejudice and award Defendants their reasonable attorney's fees and other costs allowable by law and whatever additional relief the Court deems just and proper.

Respectfully submitted this 13th day of August, 2021.

JACKSON LEWIS P.C.

*s/ Jacqueline R. Guesno*
Jacqueline R. Guesno
Juan C. Obregon
950 17th Street, Suite 2600
Denver, Colorado 80202
Telephone:  (303) 892-0404
Jacqueline.Guesno@jacksonlewis.com
Juan.Obregon@jacksonlewis.com

*ATTORNEYS FOR DEFENDANTS*

27

## CERTIFICATE OF SERVICE

I certify that on this 13th day of August, 2021, a true and correct copy of the foregoing

**ANSWER   AND   AFFIRMATIVE   DEFENSES   TO   PLAINTIFF'S   AMENDED**

**COMPLAINT WITH JURY TRIAL DEMAND** was served via CM/ECF upon the following:

Erik G. Bradberry
Colorado Education Association
1500 Grant Street
Denver, CO 80203
ebradberry@coloradoea.org

*Attorneys for Plaintiff*

*s/ Halle Gotfredson*
for Jackson Lewis P.C.

28